Filed 8/13/25  P. v. Trapani CA6

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H052195 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. Nos. F1767051, F1900326) |
| v. | |
| JOSEPH JOHN TRAPANI, | |
| Defendant and Appellant. | |

Defendant Joseph John Trapani pleaded no contest to charges of forcible rape, rape by an intoxicating substance, inflicting corporal injury upon a cohabitant, and making criminal threats.  He admitted the rape victim was particularly vulnerable, and he admitted he had suffered a prior conviction for a serious and violent felony.  In accord with a plea agreement, the trial court imposed an aggregate sentence of 23 years in state prison.

We appointed counsel, who filed an opening brief stating the case and the facts but raising no specific issues.  We notified Trapani of his right to submit written argument on his own behalf within 30 days, and we received no response.

We reviewed the entire record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  (See also *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*).)  We conclude there is no arguable issue on appeal, and we affirm the judgment.

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. *Procedural Background*

In 2018, the prosecution charged Trapani with 19 counts in case No. F1767051: count 1—rape by force, violence, duress, menace, or fear (Pen. Code, § 261, subd. (a)(2))[1]; count 2—sodomy by a person over age 21 with a person under age 16 (§ 286, subd. (b)(2)); counts 3, 4, 7, 8, 16, and 17—oral copulation with a minor under age 16 (§ 288a, subd. (b)(2)); counts 5, 6, 10, 11, 12, 18, and 19—unlawful sexual intercourse where the defendant is age 21 or older and the minor is under age 16 (§ 261.5, subd. (d)); count 9—lewd or lascivious act on a child of age 14 or 15 (§ 288, subd. (c)(1)); and counts 13, 14, and 15—rape by an intoxicating, anesthetic, or controlled substance (§ 261, subd. (a)(3)).  The prosecution further alleged Trapani had suffered three prior serious or violent felony convictions (§ 667, subds. (b)-(i)) and one prior serious felony conviction (§ 667, subd. (a)).

In 2019, the prosecution charged Trapani with two counts in case No. F1900326: count 1—inflicting corporal injury resulting in a traumatic condition on a cohabitant (§ 273.5, subd. (a)); and count 2—criminal threats (§ 422, subd. (a)).  The prosecution further alleged Trapani was out of custody on bail at the time he committed the offenses (§ 12022.1) and that he had suffered three prior serious or violent felony convictions (§ 667, subds. (b)-(i)).

In 2024, the parties entered a plea agreement for a disposition in both cases.  In case No. F1767051, Trapani pleaded no contest to count 1 (forcible rape) and count 14 (rape by an intoxicating substance).  As to count 1, he admitted that the victim was particularly vulnerable.  (Cal. Rules of Court, rule 4.421(a)(3).)  He further admitted he had suffered a prior serious or violent felony conviction.  (§ 667, subds. (b)-(i).)  In case

---

[1] Subsequent undesignated statutory references are to the Penal Code.

No. F1900326, Trapani pleaded no contest to count 1 (corporal injury on a cohabitant) as a felony, and count 2 (criminal threats) as a misdemeanor.

In May 2024, the trial court imposed the agreed-upon aggregate sentence of 23 years in state prison. The sentence consisted of a 16-year term for count 1 in case No. F1767051 (the aggravated term of eight years, doubled for the strike prior), a consecutive six-year term for count 14 in case No. F1767051 (double the mitigated term of three years); and a consecutive one-year term for count 1 in case No. F1900326 (one-third of the three-year mitigated term). For the misdemeanor conviction on count 2 in case No. F1900326, the court imposed a concurrent term of 60 days. The court granted the prosecution's motion to strike the prior conviction allegations in case No. F1900326, and the court dismissed the remaining charges.

Trapani timely appealed without requesting a certificate of probable cause.

B. *Facts of the Offenses[2]*

1. *Case No. F1767051*

In 2015, T. Doe reported to the police that her stepfather Trapani had sexually assaulted her on multiple occasions between 2007 and 2009. He began to molest her after she broke up with her boyfriend at the age of 15. She estimated that he sexually assaulted her approximately 100 times at their residence, with conduct including vaginal intercourse, oral copulation, and anal intercourse. Doe stated that Trapani pressured her by claiming their relationship would save his marriage to her mother because he was sexually unsatisfied with the mother and unhappy in the marriage. Trapani would also buy Doe alcohol and marijuana, and he blew methamphetamine smoke into her mouth on at least one occasion.

---

[2] The statement of facts is based on those set forth in the probation report.

3

### 2. *Case No. F1900326*

In 2019, the police responded to a domestic violence incident at a hotel in Morgan Hill. The victim told police that she and Trapani got into an argument, whereupon he took her car and left. When he returned the next morning, he appeared unstable and intoxicated. He lunged at the victim, threatened to stab her in the neck with a ballpoint pen, and began punching her arm with his fist. After he left, she reported the incident to hotel staff. The victim appeared distressed and afraid, and her arm was visibly bruised.

## II. DISCUSSION

We have reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106. We find no arguable issue on appeal, and we conclude appellate counsel has fully complied with their responsibilities. (*Wende*, at p. 441.)

## III. DISPOSITION

The judgment is affirmed.

_____
Greenwood, P. J.

WE CONCUR:


_____
Grover, J.




_____
Lie, J.




H051295
People v. Trapani